**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| The Mattress Venture, LLC, f/k/a ) <br> The Mattress Venture, L.P.; and ) <br> Mattress Firm, Inc., ) <br>         ) <br>         ) <br>         Plaintiffs, ) <br>         ) <br> v.       ) <br>         ) <br> Power of One, LLC; Bed World, LLC, and ) <br> Adam Fazio, ) <br>         ) <br>         Defendants. ) <br> _____ ) | Civil Action No. 9:21-03858-RMG <br><br> **ORDER AND OPINION** |

The matters before the Court are Plaintiffs' motion for preliminary injunction (Dkt. No. 7) and Defendants' 12(b)(1), 12(b)(3), and 12(b)(6) motion to dismiss or stay proceedings pending resolution at arbitration. (Dkt. No. 14). For the reasons stated below, Plaintiffs' motion for preliminary injunction is denied without prejudice, and Defendants' motion is granted.

**I.   Background**

This case involves a dispute between The Mattress Firm, LLC, f/k/a The Mattress Venture, L.P., and Mattress Firm, Inc. ("collectively Plaintiffs") and The Power of One, LLC, Adam Fazio, and Bed World, LLC. The Mattress Firm is the owner of retail mattress and bedding stores. Adam Fazio is the owner of Power of One and Bed World. Power of One entered into a Franchise Agreement with The Mattress Venture L.P., where it was granted the exclusive right to operate Mattress Firm stores within certain parts of South Carolina and Georgia. (Dkt. No. 5 at ¶ 32; Dkt. No. 5-1). Plaintiffs allege that as additional consideration to enter into a Franchise Agreement, Fazio entered into a Confidentiality and Non-Competition Agreement ("CNA") and a Guarantee of Obligations Agreement with Mattress Venture L.P. (Dkt. No. 5 at ¶ 34- 36; Dkt. No.5-2; Dkt.

1

No. 5-3; Dkt. No. 7 at 1). The Franchise Agreement and CNA restrict Fazio's right to own and operate competing businesses following the termination of the Franchise Agreement. (Dkt. No. 5-1; Dkt. No. 5-2). Plaintiffs allege that after the Franchise Agreement was terminated, Fazio formed a new entity called Bed World at the exact location where he formerly operated a Mattress Firm franchise, in violation of the agreements. (Dkt. No. 7 at 2-3).

The Franchise Agreement contains an arbitration provision which states that disputes between the parties arising out of the Franchise Agreement must be submitted to arbitration. (Dkt. No. 5-1 at § 10.01 p. 30-32). It also contains language that allows a party to seek injunctive relief with the court. (*Id.* at 30). The Guarantee of Obligations Agreement binds the Guarantor (Adam Fazio) to be personally bound by the arbitration obligations set forth in Section 10.01 of the Franchise Agreement. (Dkt. No. 5-3 at 3).[1]

Plaintiffs filed an Amended Complaint on December 13, 2021. (Dkt. No. 5). The Amended Complaint asserts four claims: (1) breach of contract as to Power of One and Fazio; (2) unjust enrichment as to all Defendants; (3) trademark infringement as to all Defendants; (4) unfair competition as to all Defendants. The Amended Complaint seeks a declaratory judgment and injunctive relief as to all Defendants. (Dkt. No. 5).

On December 13, 2021, Plaintiffs filed a motion for preliminary injunction that sought to enjoin Defendants' alleged improper conduct of operating and maintaining interests in a competing line of retail mattress and bedding stores and to enjoin Defendants from using Plaintiffs' trademarks, or other proprietary information. (Dkt. No. 7 at 1). The motion is fully briefed. (*See* Dkt. No. 16; Dkt. No. 21; Dkt. No. 26). On January 28, 2022, Defendants moved to stay this

---

[1] Bed World, LLC is a non-signatory to the agreements between Mattress Venture, L.P. and Power of One/Adam Fazio. (Dkt. Nos. 5-1, 5-2 5-3).

2

action in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to dismiss Plaintiffs' claims for unjust enrichment, declaratory judgment, and injunctive relief against Defendant Bed World pursuant to Rule 12(b)(6). (Dkt. No. 14). The motion is fully briefed. (*See* Dkt. No. 27; Dkt. No. 28). The matters are ripe for the Court's review.

## II. Legal Standard

The Federal Arbitration Act ("FAA") gives the Court the power to stay a proceeding "if satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3. "This stay-of-litigation provision is mandatory [and the] district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002); *see also Sittner v. Cnty. Club, Inc.*, No. 4:15-cv-05043-RBH, 2016 WL 3753224, at *4 (D.S.C. July 13, 2016) ("A district court is required to stay litigation where a valid arbitration agreement exists between the parties and the issues in the case are covered by the arbitration agreement."). The FAA applies where there is: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991). Where all of the claims asserted in a complaint are subject to arbitration, dismissal of the complaint is "an appropriate remedy." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-710 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

## III. Discussion

Defendants move to stay this action in its entirety pending resolution at arbitration pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to dismiss Plaintiffs' claims for unjust enrichment, declaratory judgment, and injunctive relief against Defendant Bed World pursuant to Rule 12(b)(6). (Dkt. No. 14). Relying on the Federal Arbitration Act ("FAA"), 9 U.S.C. §3, Defendants argue the arbitration clause contained in the Franchise Agreement is valid, covers Plaintiffs' claims, and should be enforced. (*Id.*). Plaintiffs agree to submit the merits of their claims to arbitration in accordance with Section 10.01 of the Franchise Agreement and consent to the Court staying the matter. (Dkt. No. 27 at 1, 2, 4-5). Plaintiffs state that Defendants' motion is largely moot. (*Id.*). However, Plaintiffs "insist on pursuing the claim for injunctive relief in this Court, as the Franchise Agreement permits." (Dkt. No. 27 at 2). Since the parties both agree that an arbitrator should resolve the substantive claims against Defendants, Defendants agreed to withdraw the 12(b)(6) portion of their motion. (Dkt. No.28 at 2).[2] Thus, the only issue the Court must resolve is Defendants' motion to stay proceedings as to Plaintiffs' motion for preliminary injunction. (*Id.*).

Defendants argue that Section 10.01 of the Franchise Agreement contains an arbitration provision that limits the circumstances under which a party may seek injunctive relief in court. (Dkt. No. 14 at 3). Defendants argue the arbitration provision states that a party may move for injunctive relief provided that the moving party also contemporaneously submit the dispute to arbitration. (*Id.*). Defendants argue that Plaintiffs failed to submit this dispute to arbitration contemporaneous to when it moved for injunctive relief with the Court. Plaintiffs argue they had no prior obligation to submit any portion of the dispute to arbitration. (Dkt. No. 27 at 6). Plaintiffs

---

[2] Defendants' reply in support of the motion to dismiss states that Bed World, LLC reserves the right to present the arguments contained in its motion to the (yet-to-be-appointed) arbitrator. (Dkt. No. 28 at 2, fn. 2).

argue the arbitration provision clearly states that "either party" could have demanded arbitration under the Franchise Agreement § 10.01. (Dkt. No. 27 at 4-5). Plaintiffs argue that when § 10.01 is read in full, the clear result is that one party must demand arbitration for the arbitration clause to spring into effect and the submission of the dispute to arbitration must be, at most, contemporaneous with a demand for arbitration. (Dkt. No. 27 at 5-6).

The Franchise Agreement states that Texas Law applies to the construction of the agreement. (Dkt. No. 5-1 at § 10.2 p. 31). Under Texas law, the language used by parties to a contract should be accorded a plain grammatical meaning, unless it definitely appears the intention of the parties would thereby be defeated. *Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 529 (Tex. 1987). If the contract is worded so that it can be given a certain and definite meaning or interpretation, it is not ambiguous, and therefore a court should construe the contract as a matter of law. *United States v. Fidelity & Deposit Co.*, 10 F.3d 1150, 1152 (5th Cir. 1994); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) (mandating that unambiguous provisions appearing in a contract must be given the plain meaning of their terms). An agreement, however, is not ambiguous merely because the parties disagree upon its correct interpretation; rather, it is ambiguous only if both competing interpretations offered are reasonable. *D.E.W., Inc. v. Local 93, Laborers' Int'l Union*, 957 F.2d 196, 100 (5th Cir. 1992) (applying Texas law.).

The Court will interpret the arbitration provision located at Section 10.01 of the Franchise Agreement. The arbitration provision mandates that all disputes between the franchisor (Mattress Venture, L.P) and franchisee (Power of One, LLC) are arbitrable. (Dkt. No. 5-1., ¶ 10.01 at p. 30-32).³ The arbitration provision states in relevant part:

---

³ Fazio signed a Guarantee and Assumption of Obligations Agreement with Mattress Venture, L.P. that binds him to Section 10.01 of the Franchise Agreement entered between Bed World, LLC and Mattress Venture, L.P. (Dkt. No. 5-3 at 3).

5

>"ALL CONTROVERSIES, DISPUTES OR CLAIMS BETWEEN FRANCHISOR AND FRANCHISEE AND ITS OWNERS ARISING OUT OF OR RELATING TO THIS AGREEMENT, ANY PROVISION OF THIS AGREEMENT, THE RELATIONSHIP CREATED BY THIS AGREEMENT, OR THE VALIDITY OR ENFORCEABILITY OF THIS AGREEMENT (EXCEPT FOR CONTROVERSIES, DISPUTES OR CLAIMS ARISING OUT OF OR RELATING TO THE MARKS OR TO ANY LEASE OR SUBLEASE BETWEEN THE FRANCHISOR AND FRANCHISEE) WILL BE SUBMITTED FOR BINDING ARBITRATION TO THE AMERICAN ARBITRATION ASSOCIATION ON DEMAND OF EITHER PARTY . . . THE ARBITRATOR WILL HAVE THE RIGHT TO AWARD OR INCLUDE IN HIS OR HER AWARD ANY RELIEF WHICH HE OR SHE DEEMS PROPER IN THE CIRCUMSTANCES INCLUDING WITHOUT LIMITATION, MONEY DAMAGES . . . INJUNCTIVE RELIEF . . . **NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS PARAGRAPH**, EACH OF THE PARTIES HERETO SHALL HAVE THE RIGHT IN A PROPER CASE TO OBTAIN TEMPORARY RESTRAINING ORDERS AND TEMPORARY OR PRELIMINARY INJUNCTIVE RELIEF FROM A COURT OF COMPETENT JURISDICTION; PROVIDED, HOWEVER, THAT SUCH PARTY MUST CONTEMPORANEOUSLY SUBMIT SUCH DISPUTE FOR ARBITRATION ON THE MERITS AS PROVIDED IN THIS PARAGRAPH**."

(*See* Dkt. No. 5-1 at § 10.01 p. 30-31) (emphasis added).

In this case, neither party argues the arbitration provision is ambiguous, although both put forth different interpretations. The Court has reviewed the arbitration provision and finds that it is not ambiguous and must be interpreted from its plain meaning. From a plain reading of the arbitration provision, all controversies arising out of the Franchise Agreement will be submitted for arbitration on demand of either party. (Dkt. No. 5-1 at § 10.1 p. 30). Notwithstanding this language, a party may seek injunctive relief with the court if the party seeking injunctive relief contemporaneously submits the dispute to arbitration on the merits. (Dkt. No. 5-1 at § 10.1 p. 31). Plaintiffs do not dispute that they did not contemporaneously submit the dispute to arbitration when they filed a motion for preliminary injunction with this Court. Based on this interpretation of the arbitration provision, Plaintiffs have not satisfied the requirements necessary that would allow them to seek injunctive relief with this Court against Power of One and Fazio.

6

The parties agree that all of Plaintiffs' substantive claims on the merits should be submitted to arbitration. (Dkt. No. 28 at 2; Dkt. No. 27 at 1). Although Defendant Bed World, LLC is a non-signatory to the Franchise Agreement and the Guarantor Agreement, it consents to arbitration. (Dkt. No. 28 at 2). Therefore, the Court must grant Defendants' motion to compel arbitration and stay the proceedings. *Merritt v. Kolter Grp., LLC*, No. 2:19-cv-1002, 2019 WL 2646838, at * 1 (D.S.C. June 27, 2019). Considering that Plaintiffs did not move for injunctive relief with the Court according to the terms of the Franchise Agreement and the fact it states that the arbitrator will have the right to award injunctive relief, the Court will dismiss without prejudice Plaintiffs' motion for injunctive relief. (Dkt. No. 5-1 at § 10.01 at p. 32).

## IV.     Conclusion

For the reasons stated above, the Court **GRANTS** Defendants' 12(b)(3) motion to stay the litigation pending the outcome of the arbitration proceedings. Plaintiffs' amended complaint (Dkt. No. 5) is **STAYED** pending the outcome of the arbitration. The parties are directed to file with the Court a status report 60 (sixty) days from the date of this Order and every (60) days thereafter while the arbitration is pending and to provide the Court promptly a copy of any panel decision once issued. The Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion for preliminary injunction. (Dkt. No. 7).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

March 25, 2022
Charleston, South Carolina